## G.J.C., Inc. v. South Whitehall Township Zoning Hearing Board

*John Roberts*, for appellant.
*Blake Marles*, for appellees.
*William G. Malkames*, for intervenor.

BACKENSTOE, *J.*, February 5, 1981—This matter is before us on appeal from the decision of the Zoning Hearing Board of South Whitehall Township (board) denying appellant a rehearing on three variance requests made by V & P Realty, intervenor

in this matter. Because appellant was not given proper notice of the hearing, the board should have granted its petition for a rehearing.

The Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, as amended, 53 P.S. §10908, designates that notice of zoning hearings be given as prescribed by ordinance. The Zoning Ordinance of South Whitehall Township provides, in pertinent part, as follows:

§202.6-1 Notice *shall* be given . . . to the owner of record of all property within three hundred (300) feet of the property which is to be the subject of the hearing. . . . Notices to the public and specific parties *shall* be given at such time and in such manner as prescribed below.

§202.6-2 . . . Notice to specific parties *shall* be made by mailing a copy of the notice as published to the last known address of such parties not less than fifteen (15) days in advance of the hearing. Failure of a property owner within three hundred (300) feet of subject property to receive notice shall not be considered defective notice, providing the appropriate public notice has been given. (Emphasis supplied.)

Notice by mail to the last known address of property owners within 300 feet of the subject property is mandated by the ordinance. In the instant case notice was never mailed. Intervenor and the board interpret the final sentence of section 202.6-2 to excuse the failure of the board to mail notice so long as public notice has been given. In our judgment that sentence applies to the situation where notice has been mailed, but not received. The effect of a ruling to the contrary would be to render the mandatory provisions of section 202.6-2 meaningless.

It is true, as the intervenor argues, that the

Municipalities Planning Code does not itself require mailed notice to property owners within 300 feet of the subject property. However, once the township incorporated the requirement in its zoning ordinance, the board became obligated to abide by it.

We thus believe that the circumstances of this case warrant a rehearing by the board pursuant to the authority granted by section 915 of the Municipalities Planning Code, 53 P.S. § 10915, and the ordinance itself.

### ORDER

Now, February 5, 1981, for the reason stated in the accompanying opinion the within matter is remanded to the Zoning Hearing Board of South Whitehall Township for a rehearing of V & P Realty's request for three variances.